IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00139-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL CLAPPER,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on May 15, 2018. The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. I have also considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the

statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846;

Count 2: Distribution and Possession with the Intent to Distribute 5 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);

Count 3: Distribution and Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and,

Counts 4: Distribution and Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Second, I find probable cause exists that defendant has committed the above crimes based upon the Indictment.

Third, I find that defendant is unemployed and has been unemployed for a number of years. Defendant resides in a camper with Erika Gallegos. Defendant suffers for high blood pressure and cholesterol. He has not taken his medications for the last two days. Defendant declined to answer any questions concerning substance abuse history. Defendant does not possess a valid Colorado Driver's License. Defendant has used at least one alias name, one alias date of birth, and one alias social security number in the past. Defendant's criminal history begins at age 22 and continues up to age 56. *See* criminal history section in the pretrial services. Defendant has suffered 34 prior failures to appear in which 28 resulted in warrants being issued. Defendant has committed new crimes while on probation or serving a community corrections placement. Defendant has had his probation, community corrections sentence and parole revoked in the past on multiple occasions. Defendant has

submitted a positive urinalyses while on probation in the past. Defendant has misdemeanor charges pending in the Adams County Court, Case No. 18M313 and in the Arapahoe County Court, Case No. 18M385.  Defendant's criminal history is substantial and includes but is not limited to convictions for DWAI; Disorderly Conduct; Intoxication; Domestic Violence; Harassment-Strikes, Shoves or Touches; Distribution of Schedule II Controlled Substance 25 to 450 Grams (felony); Possession of Schedule IV Controlled Substance (felony); Attempted Escape from Felony Pending (felony)[two separate convictions]; Possession of a Schedule III Controlled Substance (misd); Possession of Drug Paraphernalia [three separate convictions]; Possession of a Schedule III/IV/V Controlled Substance (misd)[three separate convictions]; Escape from Misdemeanor/Petty Offense (misd); DUR [two separate convictions]; Driving After Revocation Prohibited - Habitual Traffic Offender (misd)[two separate convictions]; False Reporting- False Information (misd); and many other traffic offenses. That based upon the charges brought in the Indictment the rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3) and (f) and the defendant has not rebutted that presumption.

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure her presence in court .  Accordingly, I order that the defendant be detained without bond.

Done this 15th day of May, 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge